JAMES WALTER CHRYSTAL, an Infant, by Guardian, etc., Respondent, v. THE TROY AND BOSTON RAILROAD COMPANY, Appellant.

The engineer of an engine drawing a railroad train is not bound to stop his train the moment he sees some living object on the track. He has the right, when running in the daytime, so that his train is perfectly visible and its approach must be heard and known, at least in the first instance, to assume that the object will leave the track in time to escape injury, and without the imputation of negligence may run on until he discovers that it is heedless of the danger. He is not bound to expect helpless infants on the track, without sufficient knowledge or ability to escape when warned of danger.

*It seems* the railroad corporation is not responsible for an error of judgment on the part of the engineer as to the speed of his train or his ability to stop it in time. All the engineer is bound to do after discovery of the peril is to use reasonable diligence and care to avert it.

Plaintiff, an infant about seventeen months old, escaped from his mother's house, near a railroad crossing, went upon the track and was struck by a train and injured. In an action to recover damages for the injury,

the only negligence complained of was that the engineer ought sooner to have discovered the plaintiff on the track and stopped the train before it reached him. From the testimony of plaintiff's mother it appeared that the child reached the track but a very brief time before the accident. The engineer testified that immediately upon seeing the plaintiff he gave the signal for applying the brakes and reversed his engine, and it appeared everything was then done that could be done to arrest the speed of the train, but before it was entirely stopped two of the small wheels passed over plaintiff's leg. *Held,* that the evidence failed to show any negligence on the part of defendant; and that a submission of the question to the jury was error.

(Argued March 7, 1887; decided March 22, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 24, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the material facts are stated in the opinion.

*E. L. Fursman* for appellant. The fact that this seventeen months old infant was on this railroad track unattended is, of itself, such evidence of negligence on the part of his mother as to prevent a recovery. (*Hartfield* v. *Roper*, 21 Wend. 615.) That the plaintiff was *non sui juris* imposed no additional duty upon the defendant. All that the defendant was bound to exercise ordinary care in running its train, and if negligence was claimed because of any alleged omission to do this, it was for the plaintiff to affirmatively show such omission. (*Sutton* v. *N. Y. C. & H. R. R. R. Co.*, 66 N. Y. 243.)

*R. A. Parmenter* for respondent. The court will take judicial notice that a child, only seventeen months old, who has been able to walk for about two months is *non sui juris.* Therefore, negligence will not be predicated upon his conduct. (*Pendergast* v. *N. Y. C. & H. R. R. R. Co.*, 58 N. Y. 652; *Casey* v. *N. Y. C. & H. R. R. R. Co.*, 6 Abb. [N. C.] 104; *Ihl* v. *Forty-second and Grand St. Ferry R. R. Co.*, 47 N. Y. 317.) The negligence of the parent whether or not imputable

to a child *non sui juris* is ordinarily a question of fact for the jury. (*Mangum* v. *B. C. R. R. Co.*, 36 Barb. 238, 239, 241; 38 N. Y. 455–457, 459, 461; *Fallon* v. *C. P., N. & E. R. R. Co.*, 64 id. 17; *McGarry* v. *Loomis*, 63 id. 107; *Smedis* v. *B. & R. R. R. Co.*, 88 id. 13; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 73; *Stackus* v. *N. Y. C. & H. R. R. R. Co.*, id. 467; *Shaw* v. *Jewett*, 86 id. 616; *Massoth* v. *Del. & Hud. Canal Co.*, 64 id. 529.) Contributory negligence on behalf of the plaintiff is matter of defense and need not be negatived by an averment in the complaint. (*Oldfield* v. *N. Y. & H. R. R. R. Co.*, 14 N. Y. 310, 312; *Lee* v. *Troy Cit. Gas L. Co.*, 98 id. 115.) Contributory negligence is a question for the jury, and where a young child sustains injuries through the negligence of an adult, the child's age must be considered. (*McGovern* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 417; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 289; *Murphy* v. *Orr*, 96 id. 17.) This court will not on appeal consider the question whether or not the damages recovered at the trial court were excessive. (70 N. Y. 592; *Kiff* v. *Youmans*, 20 Hun, 123; *Sloan* v. *N. Y. C. & H. R. R. R. Co.*, 1 id. 540; *Cragin* v. *B. C. R. R. Co.*, 18 id. 253; *Minick* v. *City of Troy*, 19 id. 253; *Cook* v. *L. G. Mfg. Co.*, 33 id. 351; *Drinkwater* v. *Dinsmore*, 16 id. 250; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 11 id. 1; *Keating* v. *N. Y. C. & H. R. R. R. Co.*, 1 id. 540; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 3 Lans. 469; *Rawson* v. *N. Y. & E. R. R. Co.*, 8 Hun, 286; *Beckwith* v. *N. Y. C. & H. R. R. R. Co.*, 64 Barb. 299; *Rockwell* v. *Third Ave. R. R. Co.*, 64 id. 438; *Maloy* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 182; *Murray* v. *H. R. R. R. Co.*, 47 id. 196; *Mentz* v. *S. B. & L. R. R. Co.*, 16 Week. Dig. 109; *Pantaz* v. *Tillie F. Iron Co.*, id. 341.)

EARL, J. This action was commenced to recover for injuries caused to the plaintiff by the defendant carelessly running an engine over him upon its road. It denies that it was guilty of any negligence or fault causing the injury,

and alleges that there was negligence on the part of the plaintiff's mother, a widow, which exposed him to the injury which he sustained.

The accident happened on the 4th day of September, 1877, and the action was commenced on the 2d day of February, 1880, and was brought to trial on the 21st day of May, 1884. At the time of the accident the plaintiff was a nursing infant, seventeen months old, and in consequence of his injuries one of his fingers was amputated, and also one of his legs, above the ankle. The verdict of the jury was for $8,000.

The presence of the plaintiff, unattended upon the railroad, would, under the circumstances, if unexplained, have been conclusive proof of carelessness and inattention on the part of the mother, and hence it became important for him to show that he strayed upon the railroad track without any culpable neglect on her part.

At the place of the accident the railroad runs in a northerly and southerly direction and was crossed at right angles by Carey avenue, in a sparsely populated portion of the village of Hoosick Falls. The plaintiff resided with his mother, on the north side of that avenue, about eighty feet easterly of the railroad, in a house which stood about twelve feet northerly from the line of the avenue. He had been able to walk for only about two months, was fat and chubby, and just before the accident had been playing in the yard in front of the house. His mother, as a witness, for the purpose of exculpating herself from the charge of negligence, gave the following statement of what then took place. She took him up and held him in her lap, sitting on the front-door steps of the house. Finding that he was sleepy, she went into the house, and sitting in a rocking chair, nursed him. Seeing that he was inclined to sleep, she laid him down upon the floor and saw that he was still, and she then put a chair across the open door-way while she went into another room to fix his cradle. She was gone eight or ten minutes, and when she came back he was gone. The chair across the door-way was undisturbed, so that he must have crawled over

the chair, or through it in some way, and passed down the steps to the front gate which was fastened; under the gate there was a space of about six inches through which he must have crawled, and then he must have passed into the street, eighty feet to the railroad, where he was hit by the engine and injured. All this transpired during the eight or ten minutes she was in the adjoining room. When she came out of that room and commenced looking for him she saw him on the railroad and saw the train coming. He had never gone to that place before, and was never known before to crawl under the gate.

The counsel for the defendant contends that this story that this child, just able to walk, after being put to sleep sound as comes to a tired, well-fed infant, woke up, got through or over the chair, down the steps, under the gate and down to the railroad track all within eight or ten minutes, is so incredible, unnatural and contrary to human experience, that the jury could not rely on it as sufficient to show such care of the child on the part of his mother as the law exacts. While this evidence is liable to much of the criticism in which the defendant's counsel indulges, we cannot say that the story, in its essential features, is so impossible or improbable that, as matter of law, the jury could not believe it and rely upon it. We have no power to weigh the evidence. The General Term, however, having power to set aside verdicts which are contrary to the evidence should not allow one to stand which is based simply upon evidence which may *possibly* be true.

But we are of opinion that the evidence failed to show any negligence on the part of the defendant. There is no charge that its road-bed or engine, or any of the appliances upon its train were out of repair, defective or insufficient. Nor is there any claim that there was any omission to give the proper signals for this crossing, or that the train was run at an improper rate of speed. The sole negligence charged, as we understand it, is that the engineer ought sooner to have discovered the plaintiff upon the track, and stopped the train before it reached him.

This is the first case that has come before this court, and, so far as we know, before any court in this State, wherein must be defined the responsibilities of a steam railroad company, not otherwise in fault, to one lawfully upon its track, for not seeing him and stopping its train in time to avoid injuring him.

It was in evidence, by a witness produced by the plaintiff, that plaintiff could be seen upon the track at a point about 500 feet from where he was injured. From the evidence of the defendant's engineer, it appears that when he was about forty rods from the avenue he saw a little girl upon the crossing about eight or nine years old, and that she ran ·from the track, and that then, for the first time, he saw the plaintiff. He immediately gave the signal for the brakes to be applied and reversed his engine, and the evidence shows that everything was then done that could be done to arrest the speed of the train, and that only two of the small wheels of the engine passed over the plaintiff's leg before it was entirely stopped. There was evidence on the part of the plaintiff tending to show that there was no little girl upon the crossing just previous to the accident as testified to by the engineer, and it may be assumed that he, testifying a long time after the accident, was mistaken. But his evidence was not necessarily in conflict with that of the other witnesses upon whose memory time may also have done its work. The little girl may have come upon the track and passed off undiscovered by the other witnesses, and the plaintiff may have come upon the track soon after and may have been seen by the engineer immediately after he came upon the track and after the girl had passed off. The facts testified to by the plaintiff's mother showed that he must just have reached the track and could have been there but a very brief time before the accident. It cannot be inferred that the engineer ought to have seen or could have seen him any sooner than he did. It is not probable, and there is no evidence to show that he was upon the track at the time the train left the depot, about fifteen hundred feet from the avenue; nor is there any evidence from which it

could be found that he was upon the track and, therefore, visible to the engineer at any time before the train came within forty rods of him.

Witnesses testifying, after the great lapse of time, might be mistaken as to the speed of the train, the distance at which the child was first discovered upon the track, and the place where the engine was reversed. But there can be no doubt, upon this evidence, that after the engineer discovered that the child was in peril he did all he could to arrest the motion of the train. That he willfully or recklessly ran upon him after he discovered that he was in peril is inconceivable, and certainly cannot be assumed. An engineer is not bound to stop his train the moment he sees some living object upon the track. He has the right, in broad daylight, when his train is perfectly visible and its approach must be heard and known, at least in the first instance, to assume that the object, whatever it is, will leave the track in time to escape injury. He is not bound to expect helpless infants upon the track without sufficient knowledge or ability to escape when warned of danger. He could not know when he first saw the plaintiff that he was too young to be conscious of the danger to which he was exposed, and without the imputation of negligence he could run on until he discovered that he was heedless of the danger. Reasonable care in the management of trains which must make their time between stations, and have the right of way, does not require more.

The defendant is not responsible for any error of judgment, if there was any, on the part of the engineer as to the speed of his train, the distance, age and peril of the child, and his ability to stop the train in time protect him. All the engineer was bound to do after the discovery of the peril was to use reasonable diligence and care to avert it, and there was no evidence which authorized the jury to find that he did not do this.

We are, therefore, of opinion that the judgment should be reversed and a new trial granted, costs to abide event.

All concur, except ANDREWS and DANFORTH, JJ., dissenting.

PECKHAM, J., concurs on the ground that the evidence exculpating plaintiff's mother from negligence is so wholly incredible in its nature as not to be sufficient in law to be submitted to the jury.

Judgment reversed.