FREDERICK S. V. MALONE, by GEORGE P. MALONE, as GUARDIAN, APPELLANT, *v.* THE BOSTON AND ALBANY RAILROAD COMPANY, RESPONDENT.

*Action to recover for injuries sustained by a child in a switch-yard belonging to a railway company — the company is not bound to apprehend that the child would be there unattended.*

In an action to recover for injuries to the plaintiff, alleged to have been caused by the defendant's negligence, it was proved on the trial that on the 25th day of June, 1885, the plaintiff, a child of three years and ten months old, had his foot crushed by the wheel of a freight car on the defendant's side track in its switch-yard in the city of Hudson. The plaintiff was first observed with his right foot lying upon the outside rail of the most southerly track of six switch-tracks, which, in addition to two main tracks, composed what is called the defendant's

yards. His body was lying southerly of the track and outside of it; his foot had been crushed. The defendant had just previously deposited nine freight cars upon the track, "kicking" them there from the east and off the main track. The most westerly wheel of the most westerly of the freight cars was stained with blood, and an examination of the track disclosed blood stains and crushed flesh upon the rails for two car lengths easterly of where the blood-stained wheel came to a rest. A brakeman, who had stood at a brake upon the westerly end of this westerly car until it came to a rest, or very nearly so, did not see the child upon the track, or know of its injury until told of it on his next trip. Several children, the plaintiff's sister among them, were playing in the bushes on the south side of the switch-tracks, and just down the embankment from the place where the plaintiff was found. Neither his sister nor any of her companions had observed the presence of the plaintiff among them, and it was not clearly shown that he had joined them before he received his injury.

*Held,* that the evidence failed to show any negligence on the part of the defendant, as the place where the accident occurred was the private land of the defendant, and the defendant was lawfully engaged in its proper business upon its own property and had no reason to apprehend that such a child would come unattended upon its tracks in the immediate front of a slowly-moving freight car.

That, even if the negligence of the defendant were conceded, it would still remain an open question whether the child received its injury in consequence of it, or by reason of the child having, in order to obtain a ride got hold of an iron rod suspended beneath the side of the car, or because of his having been struck by the foremost end of the defendant's car in attempting to cross the track in front of the backing car; and the plaintiff must fail if it was just as probable upon the evidence that the damages were occasioned by the one cause as the other.

*Searles* v. *Manhattan Railway Company* (101 N. Y., 661) followed.

APPEAL from a judgment in favor of the plaintiff, entered in the office of the clerk of Columbia county on June 25, 1888, upon a verdict recovered at the Columbia Circuit, and from an order made on April 12, 1888, denying the defendant's motion for a new trial and to set aside the verdict upon the minutes of the justice before whom the action was tried.

The plaintiff, a child three years and ten months old, on the 25th day of June, 1885, had his foot crushed by the wheel of a freight car on defendant's side track in its switch yard, about 1200 feet beyond its upper station in the city of Hudson. The defendant, by means of an engine, "kicked" nine freight cars from its main track westerly upon this side track, and left them standing there. As they were slowly moving to a rest, the plaintiff, unobserved by any one, in some way had his right foot run over by the forward wheel of

the forward car (that is, the car farthest from the engine). A brakeman was upon that end of that car, and remained there until the car was about stopping, when he jumped off on the south side, crawled under this or one of the other cars, and got on the engine, which, after kicking the freight cars, moved along the main track and stopped opposite the place where the freight cars stopped. The brakeman did not observe the child. When the child was first observed by any one, it was lying with its crushed foot on the track and its body extending southerly on the south side of the switch track. Several children, the plaintiff's sister among them, were playing in the bushes on the south side of the switch tracks and just down the embankment from the place where the plaintiff was found.

Other facts are stated in the opinion.

*John Cadman,* for the appellant.

*R. E. Andrews* and *L. F. Longley,* for the respondent.

LANDON, J.:

Just how the plaintiff was injured cannot be ascertained from the evidence. He was a child three years and ten months old; had escaped from his mother's house and care and had evidently followed his elder sister and her playmates across and along the defendant's tracks about 500 feet to the place where he was injured.

Neither his sister nor her companions observed his presence among them, and it is not quite clear that he had joined them before he received his injury. The plaintiff was first observed with his right foot lying upon the outside rail of the most southerly track of six switch tracks, which, in addition to two main tracks, compose what is called the defendant's yard; his body was lying southerly of the track and outside of it. His foot had been crushed. The defendant had just previously deposited nine freight cars upon the track, " kicking " them there from the east and off the main track. The most westerly wheel of the most westerly of the freight cars was stained with blood, and an examination of the track disclosed blood stains and crushed flesh upon the rail for two car lengths easterly of where the blood-stained wheel came to a rest. A brakeman had stood at the brake upon the westerly end of this westerly car until it came to a rest, or very nearly so, and he did not see the

child upon the track, nor know of its injury until told of it on his next trip.

The plaintiff's sister and her companions stepped down the embankment into some bushes as the cars went by. The brakeman saw them, and he testified that he saw the plaintiff with them as the cars went easterly on the main track past the switch, which opened after the cars had passed it, and back over which they passed westerly upon the side track upon which they were left; but no one saw the child on the track. Possibly the plaintiff was attempting to cross the track in front of the backing car and was not seen by the brakeman. Possibly the brakeman jumped off the car as it slowly drew to a stop and before it had actually stopped, and that the child then came upon the track and was hurt. Possibly, also, the child caught hold of an iron rod which ran under the side of the body of the freight car and tried to catch a ride.

Suppose the negligence of the defendant be conceded. It would still remain an open question whether the child received its injury in consequence of it. If the child caught hold of the iron rod suspended beneath the side of the car, it is conceivable that its foot projected beneath the wheel; its hands would then relax their grasp, and its body would fall outside of the tracks. If the child had been struck by the foremost end of the advancing car, the child might have fallen into the same position. The jury had simply the position in which the child lay, and a description of the locality and movement of the cars, and the fact that the accident was not witnessed by any one from which to draw their inferences. It is conceded that it is the province of the jury to draw the proper inference, provided the evidence is such as tends to support the inference drawn. In *Searles* v. *Manhattan Railway Company* (101 N. Y., 661), it was held that where the damages were occasioned by one of two causes, the defendant being responsible for one, but not for the other, the plaintiff must fail if it was just as probable upon the evidence that the damages were occasioned by the one cause as the other. That case had been tried before a jury. The General Term, which has power to weigh the evidence and to set aside a verdict because against the clear weight of the evidence, affirmed the judgment; and yet the Court of Appeals, which has no power to weigh the evidence upon which the jury render a verdict, set aside the

verdict because there was no evidence to support it. That is to say, the probabilities arising upon the evidence being balanced, there is no preponderance in favor of the plaintiff; and he, therefore, fails in the judgment of the law, notwithstanding the jury have drawn their inference in his favor. It might captiously be said that, unless the evidence is weighed, the fact that it is balanced cannot be ascertained. However this may be with the Court of Appeals, the General Term meets with no such embarrassment. We think that, in this case, conjecture has been too freely used to supply the defects in the testimony.

We are also of opinion that the evidence failed to show any negligence on the part of the defendant. The place where the accident occurred was the private land of the defendant. It is true foot travelers were in the habit of walking up and down along the tracks, and children were in the habit of going across them and along them for the purpose of amusement. All this was known to the defendant, but there was no particular place for crossing, certainly none where the plaintiff was injured. This license, if it was such, must be considered in connection with the usual slow movements of cars in a switch yard. A person, *sui juris*, could keep out of their way if reasonably careful. The cases applicable to crossings and thoroughfares upon the private lands of a railroad company and with its implied license, have no application beyond their reaffirmance of the general proposition that care should always be exercised with a vigilance proportioned to the danger reasonably to be apprehended. To permit the jury to hold that the defendant could not "kick" a car a few yards upon its switch tracks, used for the storage and making up of trains, without first ringing the bell or giving some signal of approach, or stationing a flagman or brakeman so as to give warning to people wandering there, would be unreasonable. Besides, how can a person *non sui juris* be warned? The defendant was lawfully engaged in its proper business upon its own property. It had no reason to apprehend that such a child would come unattended upon its tracks in the immediate front of a slowly moving freight car. (*Chrystal* v. *Troy & Boston R. R. Co.*, 105 N. Y., 164.) There was no apparent reason why it should not move its cars just as it did. The care it exercised was reasonable, tested by the rule that it must be exercised with a vigilance propor-

tioned to the danger reasonably to be apprehended. The motion for a nonsuit should have been granted.

The judgment should be reversed, a new trial granted, costs to abide the event.

INGALLS, J., concurred; LEARNED, P. J., taking no part.

Judgment and order reversed, new trial granted, costs to abide the event.