52 55
124a 519.

JAMES WALTER CHRYSTAL, AN INFANT, BY JOHN W. KENNY, HIS GUARDIAN AD LITEM, RESPONDENT, v. THE TROY AND BOSTON RAILROAD COMPANY, APPELLANT.

*Failure of a railroad company to give the statutory signals at the proper time — when a jury may infer that the injury might have been avoided if they had been given.*

The plaintiff, a child seventeen months old, lived with its mother, Mrs. Chrystal, in the village of Hoosick Falls, on the north side of Carey avenue, which was crossed by the defendant's railroad at a point distant about seventy feet from Mrs. Chrystal's house, which stood back from the line of the avenue twelve feet. About half past two in the afternoon the defendant's passenger train left the depot in Hoosick Falls and proceeded southerly in a straight line towards the avenue. The plaintiff, who had in some way escaped from the house and out on to Carey avenue, came upon the railroad crossing, and stood there upon the track in front of the defendant's train. The engineer of the train discovered the child, when distant from it about forty rods, and used reasonable diligence and care to avert the peril, but did not bring the train to a stop until the locomotive had passed over the child, crushing one leg and two fingers.

The testimony of the mother was to the effect that after dinner she sat upon her door-step holding her baby in her lap; that, noticing that it was inclined to sleep, she entered the house, sat in a rocking-chair and nursed the child; its inclinations to sleep continuing, she laid it on the floor and put a chair in the outside door; went into an adjoining room; stayed there eight or ten minutes, came out and saw the child was missing; ran out of the doors into the back yard; looked among the growing potatoes, into the cistern; heard the whistle, looked and saw the approaching train; ran around to the front gate on Carey

avenue, which was closed; looked to the crossing and saw her child; ran, but arrived too late.

Upon the trial of an action, brought to recover damages for the injury sustained by the plaintiff, evidence was given tending to show that no bell was rung or whistle sounded within eighty rods of Carey avenue, and that the whistle was blown only when the engineer commenced to stop the train.

*Held*, that the jury had the right to draw the inference that if the signals had been given in time the injury might have been avoided.

APPEAL from a judgment in favor of the plaintiff, entered in the office of the clerk of Rensselaer county on February 24, 1888, upon the verdict of a jury rendered at the Rensselaer County Circuit; and, also, from an order denying a motion made upon the minutes of the justice presiding at the trial for a new trial.

*E. L. Fursman*, for the appellant.

*R. A. Parmenter*, for the respondent.

LANDON, J.:

This case, to quote from the brief of the plaintiff's counsel, "contains all the testimony produced on the former trial, together with some additional evidence given in behalf of the plaintiff. The testimony on the former trial was read from the old printed case on the last trial."

The Court of Appeals (105 N. Y., 164) reversed the former judgment in favor of the plaintiff, upon the ground that the evidence did not show any negligence on the part of the defendant. The Court of Appeals, disclaiming all power to review any controverted questions of fact which had been found by the jury and sustained by the General Term, intimated that the General Term had failed in its duty in not setting aside the verdict, upon the ground that the evidence in exculpation of the plaintiff from negligence was "incredible, unnatural and contrary to human experience." As the Court of Appeals disclaims jurisdiction to review the weight of the evidence, its intimation lacks the force attaching to authority and responsibility. We, therefore, pass the question of the plaintiff's negligence as settled by our former decision upon the same evidence, reaffirmed by the verdict upon the second trial. Accepting fully the decision of that court that the evidence on the former trial failed to show any negligence on the part of the defendant, we

must limit our examination to the inquiry whether the additional evidence tends sufficiently to show, either standing alone or giving to the old evidence a significance and meaning which it did not possess on the former trial, that the defendant's negligence caused the plaintiff's injury.

The plaintiff was a child seventeen months old, living with its mother, Mrs. Chrystal, on the north side of Carey avenue, in the the village of Hoosac Falls. The defendant's railroad crossed this avenue about seventy feet distant from Mrs. Chrystal's house. The house stood back from the line of the avenue twelve feet. About half-past two in the afternoon the defendant's passenger train left the depot in Hoosac Falls, 1,800 feet northerly of Carey avenue, and proceeded southerly in a straight line towards the avenue. The plaintiff, who was just able to walk, had in some way eluded the vigilance of its mother, escaped from the house and out on to Carey avenue, and thence came upon the railroad crossing and stood there upon the track in front of the advancing train. The child was not sensible of its danger. The engineer of the train discovered the child when distant from it about forty rods, and then, to use the language of the Court of Appeals, did "use reasonable diligence and care to avert" the peril. The train was brought to a stop, but not until the locomotive had passed on or over the child, crushing one leg and two fingers. Upon the former trial the plaintiff's contention was that the defendant was negligent in not sooner stopping the train. That contention failing, upon this trial evidence was given tending to show that no bell was rung or whistle sounded within eighty rods of Carey avenue; and in this respect, and in no other, does the plaintiff present additional evidence deserving mention. When the defendant commenced to stop the train the whistle was blown. That the additional evidence raises the question whether the bell was rung or the whistle sounded "at the distance of at least eighty rods from the place where the railroad shall cross any traveled road or street on the same level with the railroad," is not contested by the defendants' counsel; but his contention is that, if omitted, it is unreasonable to suppose, and could not, therefore, reasonably be found, that the omission to ring the bell or blow the whistle in any way contributed to the plaintiff's injury.

We accept the finding that neither the bell was rung nor the whistle sounded at the distance of at least eighty rods from the crossing. The sole question, then, is whether the jury had the right to draw the inference that the omission caused the injury or contributed to it. It may be assumed that whether the statutory signals were given or not was of no importance respecting the action of the child, since it could not understand them. It is claimed, however, that if the signals had been given they would have sooner arrested the attention of the child's mother, and thus have called her attention to the railroad crossing in time for her to save her child. Mrs. Chrystal's testimony is to the effect that after dinner she sat upon her door step holding her baby in her lap ; noticing that it was inclined to sleep, she entered the house ; sat in a rocking chair, nursed the child ; its inclination to sleep continuing, she laid it on the floor ; put a chair in the outside door ; went into an adjoining room ; staid there eight or ten minutes ; came out and saw the child was missing ; ran out of doors into the back yard ; looked among the growing potatoes, into the cistern ; heard the whistle ; looked and saw the approaching train ; ran around to the front gate on Carey avenue ; the gate was closed ; looked to the crossing and saw her child ; ran, but was too late. Of course, no one can surely know whether, if the bell had been rung or the whistle sounded eighty rods away, the mother would have heard or noticed, and if she had, whether her sense of danger from the railroad would have been so quickened as to have resulted in saving her child. The inference either way may be quite satisfactory to different minds equally fair. Hence we conclude the jury had the right to draw the inference that if the signals had been given in time the injury might have been avoided.

The defendant's counsel excepted to some of the responses made by the court to the various questions which were propounded under the form of requests to charge. It is obvious from the charge, and the answers to requests to charge, that the jury could not fail to understand that they could find no verdict against the defendant unless the omission to give the statutory signals caused, or contributed to cause, the plaintiff's injury. The court assented to the various requests in which this proposition was amplified, divided and reiterated. Various propositions extracted from the opinion of the Court of

Appeals in this case were presented as requests and assented to. The court thus held that the defendant was not responsible for any error of judgment on the part of the engineer as to the speed of the train, its distance from the child, the child's age, peril, his own ability to stop the train, and that all the engineer was bound to do was to use reasonable diligence and care to avert the danger after he discovered it. The nineteenth request then was: "That there is no evidence in this action that he did not do this." To which the court responded: "I leave it as a question of fact for the jury." Now, the opinion of the Court of Appeals is to the effect that there is no evidence that he did not do this. The counsel was manifestly seeking for an exception, and he asks for a reversal because the court did not maintain the standard of 100 per centum upon an examination upon the opinion of the Court of Appeals. The ruling asked by counsel was not at all necessary, for the court, by making the omission to sound the whistle or ring the bell the necessary prerequisite of defendant's negligence, had, in effect, excluded every other kind of negligence, and thus protected the defendant upon this very question which it now unnecessarily introduced, and it is improbable that the response of the court weakened that protection.

The plaintiff's counsel asked the court to charge that the defendant was not relieved of the duty to ring the bell or sound the whistle under any circumstances. The court so charged "as an abstract proposition," thus clearly implying that it was of no practical importance in this case, and he soon after added that the failure to ring the bell or whistle would entitle the plaintiff to a verdict, " provided the failure tended to produce the injury."

The judgment is affirmed, with costs.

LEARNED, P. J., and INGALLS, J., concurred.

Judgment and order affirmed, with costs.