### BURNES *v.* STATEN ISLAND R. T. R. CO.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

RAILROAD COMPANY—INJURY TO PERSON ON TRACK—EVIDENCE.

    Defendant's engineer, when rounding a curve, saw a child four years old on the track, between 800 and 250 feet distant, and a boy running in the direction of the child to rescue it. The engineer immediately blew the whistle, and, as the boy at-

tempted to go on the track, applied the brakes, but the train could not be stopped in time to prevent an accident. There was no evidence that the engineer could have seen the child at a greater distance than 400 feet. *Held* insufficient to show negligence on the part of the engineer. *Chrystal* v. *Railroad Co.*, 11 N. E. Rep. 380, 105 N. Y. 164, followed.

Appeal from circuit court, Richmond county.

Action by Edward Burnes, Jr., by guardian *ad litem*, against the Staten Island Rapid Transit Railroad Company, to recover damages for personal injuries inflicted on plaintiff in attempting to rescue a child four years old on defendant's track. There was no evidence that defendant's engineer, in rounding a curve, could have seen the child on the track at a greater distance than 400 feet. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Wm. M. Mullen,* for appellant. *Tracy, McFarland, Boardman & Platt,* for respondent.

BARNARD, P. J. No negligence upon the part of the railroad company, defendant, was proven. A passenger train going west, consisting of a locomotive and seven passenger-cars, and at a speed of 18 or 20 miles an hour, struck the plaintiff, and injured him. The boy was a brave boy, and was hurt in an attempt to save a smaller boy, being only some four or five years old, who had thoughtlessly got upon the track. The train had passed Jersey street, which is a highway crossing, and had sounded the signal required by law for a highway crossing. It is about 1,500 or 1,600 feet from Jersey street to the place of the accident, and there is no intervening highway crossing. People were accustomed to clamber down a steep bank of about 20 feet to the railroad track, and then go across it to the water. The approach of a train going west to the boy was around a curve some 800 feet away, and the vision of the track was cut off until the curve was turned. The whistle was blown on rounding the turn, and again when the train got around it. The danger signals were sounded before Burnes, the plaintiff, started to go across the track. The line of vision extends to the corner of a plaster mill. The accurate distance is not proven, but it is less than 800 feet and over 250 feet. It was at a distance of 350 feet from the place of the accident when the danger signals were sounded. As soon as Burnes attempted to go on the track, the brakes were applied, but it was too late. The only claim of negligence is that the engineer of the locomotive should have seen the little boy Conners, who was on the track, and stopped the train. This would be the best evidence of negligence, if it was proven; but within the case of *Chrystal* v. *Railroad Co.*, 105 N. Y. 164, 11 N. E. Rep. 380, the proof is insufficient. The engineer could assume that the person on the track would get off. He was not bound to expect helpless infants on the track. The judgment should be affirmed, with costs. All concur.