WHITE *et al. v.* NEW YORK CENT. & H. R. R. CO.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

1. PERSONAL INJURY—PLACE OF PERIL—QUESTION FOR JURY.
   Where plaintiff's intestate was killed by a locomotive while crossing defendant's railroad bridge, which was insufficient in width to enable a person to stand thereon in safety and avoid a passing train, and 15 feet above the water, it is for the jury to say whether the deceased was in a place of peril, and whether the engineer should have recognized it as such; the engineer having a right to assume that deceased would get off the track if it were reasonably safe for him to do so.

2. SAME—NEGLIGENCE—INFERENCE FROM FACTS.
   To entitle plaintiff to recover in such case, it must appear that defendant's engineer saw the position of deceased, and made no effort to avoid striking him; but such fact may be inferred by the jury in the absence of evidence to the contrary, when the accident was in daylight, the track straight and the view unobstructed, and nothing was done to give warning or stop the train till after the accident.

Appeal from circuit court, Dutchess county.

Action by Annie E. White and Herkimer F. White, as administrators, etc., against the New York Central & Hudson River Railroad Company. Judgment for defendant. Plaintiffs appeal. Reversed.

Argued before DYKMAN and CULLEN, JJ.

*A. M. & G. Card,* for appellants. *Frank Lomis, (R. F. Wilkinson* and *D. W. Tears,* of counsel,) for respondent.

CULLEN, J. This is an appeal from a judgment in favor of the defendant, entered upon a nonsuit at circuit. The plaintiffs' intestate and his wife (one of the plaintiffs) were walking upon the defendant's track. Upon arriving at the middle of a bridge about 115 feet long, the deceased was struck by the locomotive of a passenger train coming from the rear, and killed. The de-

ceased was undoubtedly a trespasser upon the track, but that fact is not necessarily a bar to this action.   The rules of law applicable to the case seem authoritatively settled by recent decisions.   On the one hand, an engineer is not bound to stop his train the moment he sees some living object on the track.   He has the right to assume that the object will leave the track in time to escape injury.   *Chrystal* v. *Railroad Co.*, 105 N. Y. 164, 11 N. E. Rep. 380; *Burnes* v. *Railroad Co.*, (Sup.) 17 N. Y. Supp. 741.   On the other hand, if the engineer saw that the deceased was in a place of peril, he was bound to use reasonable diligence to avoid injuring him.   *Remer* v. *Railroad Co.*, 36 Hun, 253; affirmed, 113 N. Y. 669, 21 N. E. Rep. 1116; *Chrystal* v. *Railroad Co.*, *supra*.   The vital question presented on this appeal is, therefore, was the deceased in such a position that he could not safely get off the track? If he could, he was bound to do it; and the engineer had the right to assume that the deceased would so act.   But if the deceased could not safely leave the track, and the engineer saw that he was in a position of danger, he was bound to make a reasonable effort to avoid running him down.   The bridge upon which the deceased was struck was of the pattern known as a "deck bridge," 8 feet wide, and from 15 to 18 feet above the stream which it spanned. This width was insufficient to enable a person to stand with safety and avoid a passing train, though, as a matter of fact, the wife did, by falling down and rolling to the side, escape injury.   The height of the bridge above the stream was such as to render it extremely hazardous to jump off.   We think this situation at least presented a question of fact for the jury to pass upon, as to whether the deceased was in a place of peril, and whether the engineer should have recognized it as such.   This question of fact alone, if found in her favor, would not have entitled plaintiff to a verdict.   She was bound to show, further, that the engineer saw the position of the deceased, and made no effort to avoid injury.   The evidence of the plaintiff was to the effect that no warnings were given, and nothing done to slow or stop the train until after the accident.   There is no evidence in the case as to whether the engineer actually saw the deceased, the complaint having been dismissed at the close of the plaintiff's testimony; but the location of the track was such that the jury might infer that fact, at least in the absence of any evidence to the contrary.   The train approached the bridge from the north; the track on the bridge, and for 2,000 feet to the north of it, was perfectly straight; there was nothing to obstruct the view, and the accident occurred in the daytime. Evidence was also given tending to show that the train could have been stopped within a distance of 500 or 600 feet.   We think the case made by the plaintiff, in the absence of explanation on the part of defendant, entitled her to go to the jury.   It may be that an explanation might be given such as to make it the duty of the court to withdraw the case from the jury; but, in the absence of such explanation, we think that the disposition at circuit was erroneous.   The judgment and order denying a new trial should be reversed, and a new trial granted, costs to abide event.