(67 Hun, 649.)

### E. G. BLAKESLEE MANUF'G CO. v. E. G. BLAKESLEE'S SONS IRON WORKS.

(Supreme Court, General Term, Second Department. February 13, 1893.)

No opinion. Judgment affirmed for nonsubmission of papers according to stipulation.

DYKMAN, J., not sitting.

---

(67 Hun, 649.)

### NATIONAL BANK OF ORANGE COUNTY v. VAN STEINBURGH.

(Supreme Court, General Term, Second Department. February 13, 1893.)

No opinion. Judgment affirmed, with costs, with leave to defendant to answer in 20 days on payment of costs according to stipulation.

---

(67 Hun, 653.)

### CRYSTAL, Appellant, v. TROY & B. R. CO., Respondent.

(Supreme Court, General Term, Third Department. February 15, 1893.)

E. L. Cole, (R. A. Parmenter, of counsel,) for appellant.
T. F. Hamilton, for respondent.

HERRICK, J. This case has been twice before the court of appeals, (105 N. Y. 164, 11 N. E. Rep. 380, and 124 N. Y. 519, 26 N. E. Rep. 1103,) and is now for the third time before this court. While some additional evidence was given on the part of the plaintiff upon the last trial, still I do not see that the facts are substantially different from what they were when the case was last before the court of appeals, leaving no substantial difference in the facts that will relieve the case from the objections made to a recovery in the opinion of Mr. Justice Parker in the court of appeals. There is no occasion for an opinion. The judgment should be affirmed, with costs.

---

(67 Hun, 653.)

### FROMMEL, Appellant, v. McKINSTRY, Respondent.

(Supreme Court, General Term, Third Department. February 15, 1893.)

Action by William M. Frommel against William McKinstry.
No opinion. Order affirmed, with costs to be paid personally by the appellant.

---

(67 Hun, 653.)

### DONOHUE, TIERNEY & ISENGERT BREWING CO., Respondent, v. FITCHBURG R. CO., Appellant.

(Supreme Court, General Term, Third Department. March 2, 1893.)

T. F. Hamilton, for appellant.
Smith & Parmenter, (R. A. Parmenter, of counsel,) for respondent.

HERRICK, J. This case presents the same facts as the case of Hoffmann against the same defendant, (22 N. Y. Supp. 463,) the plaintiff in this action being the employer of the plaintiff in that. Both actions arise out of the same accident, and the conclusions arrived at in the Hoffmann Case require that the judgment herein should be reversed, and a new trial ordered, costs to abide the event. Let an order be entered accordingly.