(22 Misc. Rep. 10.)

POTTER & PARLIN CO. v. NEW YORK CENT. & H. R. R. CO.

(City Court of New York, General Term. December 11, 1897.)

1. CONTRIBUTORY NEGLIGENCE—LEAVING HORSE IN STREET.
   The mere fact that one who has a horse in a city street neither ties him nor holds the reins does not necessarily constitute contributory negligence to defeat recovery for an injury done to the horse.

2. RAILROAD—NEGLIGENCE—ACCIDENT ON TRACK.
   Where a train moving through a city street obstructed with vehicles strikes and injuries a horse and wagon standing in the street, the fact that the engineer saw them, and could have stopped in time to avoid the accident, warrants leaving to the jury the question of his negligence.

Appeal from trial term.

Action by the Potter & Parlin Company against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before CONLAN and O'DWYER, JJ.

Frank Loomis, for appellant.

Hutchinson & Newhouse, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial. The action was brought to recover $187.95, damages for injury to plaintiff's property, alleged to have been negligently caused by a locomotive of the defendant, at Eleventh avenue, near Fifty-Sixth street, New York City, March 20, 1895. The complaint sets forth in two separate causes of action that on March 20, 1895, while a horse and wagon were standing in charge of the plaintiff's driver on Eleventh avenue, near Fifty-Sixth street, in the city of New York, such horse and wagon were run into by an engine of the defendant, the horse was killed, and the goods and the wagon were lost. The answer admits the accident, denies that it occurred through any negligence of the defendant, its agents and servants, and sets up that it occurred by reason of the negligence of the driver in charge of the horse and wagon at the time of the accident.

The contention of the appellant that it was negligence to leave a horse untied in a city street is fully met and overcome by the authority of Wasmer v. Railroad Co., 80 N. Y. 212, where the court (Mr. Justice Earl) said:

"As to the negligence of the intestate, he was lawfully in the street, engaged in a lawful business. There is no absolute rule of law that requires one who has a horse in the street to tie him, or hold him by the reins. It would doubtless be careless to leave a horse in the street wholly unattended without tying him to something. But it is common for persons doing business in streets with horses to leave them standing in their immediate presence while they attend to their business, and it is not unlawful for them to do so. It is commonly safe so to do, and accidents are rarely occasioned thereby."

And, as in the case at bar, there was no proof that the horse, as in the case cited, was vicious, unsafe, or unmanageable. On the contrary, the evidence was to the effect that the horse was gentle, and easy to manage. The evidence is that the driver was near his horse, and might expect, in an emergency, to control him; and the court further said, whether he acted prudently, under such circumstances, in

leaving his horse there, was a matter to be determined by the jury upon the evidence; and this ruling would seem to dispose of the appellant's exception to the refusal of the trial court to charge upon this precise question as requested.

Having thus disposed of the question as to whether the accident was caused by the contributory negligence of the plaintiff, we proceed to the other alternative,—the question of the defendant's negligence. The evidence upon this point was conflicting, plaintiff contending that the engineer of defendant was warned in time to have avoided the accident, while the evidence of the defendant is that no such warning was given. It was said in the case of Chrystal v. Railroad Co., 105 N. Y. 164, 11 N. E. 380, that an engineer is not bound to stop his train the moment he sees some living object on the track. He has the right in broad daylight, when his train is perfectly visible, and its approach must be heard and known, to assume that the object, whatever it is, will leave the track in time to escape injury. The defendant's witnesses asserted that the roadway was obstructed by other teams at the time of, or just prior to, the accident, and its engineer admitted that his train was proceeding at the rate of about four miles per hour, and could have been stopped within the distance of the engine's length, or about 30 feet; and it was incumbent upon him to use every precaution that would assist him in avoiding the accident. From the fact that he proceeded with his train, before coming to a stop before the occurrence of the accident, when, by stopping, the injury would have been prevented, he may be said to have risked the consequences, and that his act in so doing resulted in the injury. If this were so, then the defendant is clearly liable. The question of the negligence of the defendant was fairly submitted to the jury upon all the evidence, and we are not inclined to disturb their finding. The amount of the damages is not in dispute upon this appeal, and, upon the whole case, we think the judgment should be affirmed.

Judgment affirmed, with costs.