COMPART v. DOMMASCH. (Supreme Court, Appellate Division, First Department. January 15, 1909.) Action by Percival F. Compart against Otto Dommasch. No opinion. Motion granted, with $10 costs. Order filed.

CONKLIN et al. v. WHITBECK et al. (Supreme Court, Appellate Division, Third Department. January 22, 1909.) Action by Russell Conklin and others against Charles F. Whitbeck and others. No opinion. Decision of motion reserved until hearing of the appeal. Proceedings by the plaintiffs under the judgment stayed until hearing and determination of such appeal, provided the same be brought to argument at March term.

COOK, Appellant, v. RUTHERFORD REALTY CO., Respondent. (Supreme Court, Appellate Division, First Department. January 22, 1909.) Action by Willet F. Cook against the Rutherford Realty Company. W. H. Van Steenbergh, for appellant. H. H. Snedeker, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

CROMWELL, Respondent, v. LONG ISLAND ELECTRIC RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Herbert Cromwell against the Long Island Electric Railway Company. No opinion. Judgment and order unanimously affirmed, with costs.

CZARNIKOW MACDOUGAL CO. v. BAXTER et al. (Supreme Court, Appellate Division, First Department. January 15, 1909.) Action by the Czarnikow Macdougal Company against George S. Baxter and others. No opinion. Motion denied. Order filed.

DALL, Appellant, v. HALL et al., Respondents. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by Alice Mary Dall against Julia H. Hall and others. No opinion. Appeal dismissed, without costs.

DAVIES v. HOTCHKISS. FOX v. MURDOCH. (Supreme Court, Appellate Division, First Department. December 18, 1908.) Actions by William C. Davies against Henry D. Hotchkiss and by Emanuel E. Fox against Francis A. Murdoch. No opinions. Applications denied, with $10 costs. Orders signed.

DAVIS, Appellant, v. SANFORD, Respondent. (Supreme Court, Appellate Division, Third Department. January 6, 1909.) Action by Eva Davis against Lucy Sanford. No opinion. Judgment and order unanimously affirmed, with costs.

DEMAND v. NEW YORK CENT. & H. R. R. CO.. et al. (Supreme Court, Appellate Division, First Department. January 8, 1909.) Appeal from Trial Term, New York County. Action by Charles A. Demand, administrator of Grover C. Demand, deceased, against the New York Central & Hudson River Railroad Company and another. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant the New York Central & Hudson River Railroad Company appeals. Affirmed. R. A. Kutschbock, for appellant. M. L. Malevinsky, for respondent.

PER CURIAM. Judgment and order affirmed, with costs.

McLAUGHLIN, J. (dissenting). Plaintiff's intestate was in charge of a horse which furnished the motive power for a hoist between two tracks of the defendant railroad company. The space between the tracks was over 20 feet. The horse "edged over" toward one of the tracks, and in endeavoring to force the horse back nearer the center of the open space the decedent was struck by a passing train and killed. He was between the horse and the track, and the train did not strike the horse. If this was not contributory negligence, at least, I do not think any negligence was shown on the part of the defendant. As I read the evidence, when the train came in sight some 1,300 feet away, the decedent was not then in a position where he would have been struck, and the horse was quiet and apparently under his control. The engineer was not negligent in making no effort to stop the train at that time, and the only evidence is that, as soon as the danger of an accident became apparent, he did make every effort to stop the train and prevent the accident. "Reasonable care in the management of trains, which must make their time between stations and have the right of way, does not require more." Chrystal v. Troy & Boston R. R. Co., 105 N. Y. 164, 11 N. E. 380. For these reasons, I think the judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event.

LAUGHLIN, J., concurs.

DENNIS, Appellant, v. STOCK GRAIN & PROVISION CO., Respondent. (Supreme Court, Appellate Division, First Department. January 22, 1909.) Action by Fred M. Dennis against the Stock Grain & Provision Company. E. F. Harding, for appellant. T. J. McManus, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

DERAISMES ENGINE CO, NO. 1, Respondent, v. CITY OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1908.) Action by the Deraismes Engine Company, No. 1, against the City of New York.

PER CURIAM. It may well be that the plaintiff has a cause of action under our judgment in Jones Hook & Ladder Company, No. 1, v. City of New York, 118 App. Div. 896, 103 N. Y. Supp. 1130. But this judgment cannot stand, because there is not sufficient proof of the alleged contract to pay for the forage. This case presents the further question whether the plaintiff had legal standing, because it failed