will be sparingly exercised, and only in extreme cases; but when the question is far-reaching and involves the entire controversy, and entirely eliminates the liability of defendant, as the record here discloses, a situation is presented which makes it the duty of the court to exercise such power.

The judgment and order must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

---

### DAVIDSON v. DAVIDSON.

(Supreme Court, Appellate Division, First Department. November 5, 1909.)

DIVORCE (§ 129*)—ADULTERY.

 Where, in an action for divorce for adultery, the evidence showed extreme intimacy between defendant and a woman other than his wife, the fact that actual adultery was not established by eyewitnesses did not preclude a divorce.

 [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 411–441; Dec Dig. § 129.*]

 Laughlin, J., dissenting.

Appeal from Special Term, New York County

Action for divorce by Fannie Davidson against Charles S. Davidson. From a judgment for defendant, entered after trial at Special Term, plaintiff appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

M. E. Harby, for appellant.

PER CURIAM. The evidence points irresistibly to the guilt of the defendant. While it is possible that the extreme intimacy between the defendant and the woman not his wife may have stopped short of actual guilt, it is in the highest degree improbable. The mere fact that no one saw the act performed is not controlling.

Judgment reversed, and new trial ordered; costs to appellant to abide event.

LAUGHLIN, J., dissents.

---

### PHELPS v. ERIE R. CO.

(Supreme Court, Appellate Division, Third Department. November 10, 1909.)

1. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS—DECISION CORRECT ON MERITS.

 Error in an instruction was not prejudicial to plaintiff, where he was not entitled to recover.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4227; Dec. Dig. § 1068.*]

2. RAILROADS (§ 316*)—CROSSING ACCIDENTS—NEGLIGENCE—DUTY TO REDUCE SPEED.

 Where it was light, and the train was visible in approaching a country highway crossing, and there was nothing to prevent the engine bell or

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whistle from being heard, the engineer could assume that one approaching the crossing in a vehicle would stop in time to avoid injury, and was not bound to stop or reduce the speed of the train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1006, 1007; Dec. Dig. § 316.*]

3. RAILROADS (§ 350*)—CROSSING ACCIDENTS—NEGLIGENCE—EXCESSIVE SPEED—COUNTRY HIGHWAY CROSSINGS.

The speed of a train over a highway crossing in the open country, however great, is not negligence per se.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1164½; Dec. Dig. § 350.*]

4. RAILROADS (§ 348*)—CROSSING ACCIDENTS—ACTIONS—SUFFICIENCY OF EVIDENCE—RINGING CROSSING BELL.

In an action for intestate's death by being struck by a train at a country highway crossing, circumstances *held* to show that the automatic crossing bell gave timely warning of the train's approach.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1141; Dec. Dig. § 348.*]

5. NEGLIGENCE (§ 136*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

Where the circumstances tend to show absence of negligence by defendant, as much as to show negligence, or tend to show neither, a nonsuit should be granted.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 282, 303; Dec. Dig. § 136.*]

Appeal from Trial Term, Broome County.

Action by Othneil Phelps, administrator of Mary Jane Phelps, deceased, against the Erie Railroad Company. From an order setting aside a verdict for defendant, and granting a new trial, defendant appeals. Reversed, and motion for new trial denied.

This action was brought to recover damages for causing the death of the plaintiff's intestate, which is alleged to have been caused by the neglect of the defendant. About 9 o'clock in the morning of March 19, 1906, the deceased was riding in a cutter, drawn by a horse driven by Charles Hemstraught, along a country highway leading from Owego to the village of Union, and while crossing the defendant's tracks was struck by the engine of a passing train, going east, and was killed. At the close of the plaintiff's evidence, defendant's counsel moved to dismiss the complaint, on the ground, among others, that the evidence does not show that the defendant was guilty of negligence, or that the plaintiff's intestate was free from contributory negligence. The motion was denied, and defendant's counsel duly excepted. The motion to dismiss was renewed at the close of the case upon the same grounds, and upon the ground that it now appears that the signal by bell and whistle were given and that the crossing bell rung, that this evidence is undisputed, and there is no evidence upon which to predicate a finding that the defendant was negligent. The court denied the motion, and defendant's counsel excepted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

H. Fred Lyon, for appellant.
Israel T. Deyo, for respondent.

SEWELL, J. It appears from the opinion of the justice who presided at the trial that the ground upon which he granted a new trial was errors of the court in charging certain propositions in compliance with the requests of the defendant's counsel. Were it necessary to de-

termine these questions, I would not hesitate in holding, as did the learned justice, that it was error to say to the jury that if the deceased "could have seen the approaching train, had she looked when approaching the crossing, and failed to warn the driver, Hemstraught, the plaintiff is not entitled to recover."

But it is unnecessary to discuss this question, or to determine if the other propositions were objectionable, as it is evident that the plaintiff was not entitled to recover, and therefore he was not injured by the charge. Baldwin v. Burrows, 47 N. Y. 199; Hubbell v. Great Western Insurance Co., 74 N. Y. 246. It was undisputed that the automatic bell upon the engine commenced to ring 20 rods or more from the crossing, and continued to ring until after the accident; that the whistle was sounded 90 rods from the crossing, and again a short distance from the point of danger; and that the gong or bell at the crossing was ringing when the train crossed the highway. There was no proof that the track or engine, or any of the appliances upon the train, were defective or insufficient. It appeared that the engineer was on guard, and that nothing was done or omitted to be done on his part to charge him with negligence. He was not bound to stop his train, or diminish its speed. It was light, his train was visible, and as there was no noise, or anything unusual, about this crossing, calculated to prevent the whistle or the bell from being heard, he had a right to assume that the deceased and the driver would hear the alarm and stop in time to escape injury. Chrystal v. Troy & Boston R. R. Co., 105 N. Y. 164, 11 N. E. 380. The speed of a train over an ordinary highway crossing in the open country, be it ever so great, is not of itself a negligent act. Martin v. N. Y. C. & H. R. R. R. Co., 27 Hun, 532, 97 N. Y. 628; Warner v. N. Y. C. & H. R. R. R. Co., 44 N. Y. 465. In Hunt v. Fitchburg R. R. Co., 22 App. Div. 212, 47 N. Y. Supp. 1034, this court said:

"If the warning given is timely and reasonable, the company is not negligent, no matter how rapidly the train may run."

There was no evidence from which the jury could justly conclude that the bell or gong at the crossing was out of repair and did not give reasonable warning of the approaching train. On the contrary, it appeared affirmatively that the bell was not out of order, from the fact that it was ringing when the train crossed the highway. There was not, it is true, any direct evidence that it commenced to ring, as it ordinarily did, when a train was 1,800 feet from the crossing; but that is the only fair and reasonable conclusion to be drawn from the fact that it rung at all. It was also shown by the evidence of two persons, who were at the crossing within two hours after the accident. Each testified that he then heard the bell ring when a freight train and when a passenger train were approaching from the west.

I think that the facts and circumstances proven leave no rational ground for an inference that the bell did not give timely warning of the coming train. However that may be, there can be no doubt that they point as much to the fact that it did ring before the train reached the crossing as to a failure to give proper warning. Where circum-

stances point as much to the absence of negligence on the part of the defendant as to his negligence, or point in neither direction, a nonsuit should be granted. Wiwirowski v. L. S. & M. S. R. Co., 124 N. Y. 420, 26 N. E. 1023; Wieland v. Del. & H. Canal Co., 167 N. Y. 19, 60 N. E. 234, 82 Am. St. Rep. 707; Lamb v. Union Ry. Co., 195 N. Y. 260, 88 N. E. 371.

For these reasons, I think the order appealed from should be reversed, with costs, and that the motion for a new trial should be denied. All concur.