ANGELINE KAWACZ, Individually and as Administratrix, etc., of FRANK KAWACZ, Deceased, Respondent, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

Fourth Department, November 11, 1931.

*Locke, Babcock, Hollister & Brown* [*Evan Hollister* of counsel], for the appellant.

*Phillies & Weil* [*George E. Phillies, Frank G. Raichle* and *J. C. Randall* of counsel], for the respondent.

PER CURIAM. In the main charge the court in substance instructed the jury that even though the engineer gave warning by whistle when the train was 600 feet from decedent, still negligence might be found if the engineer thereafter saw and realized, or, as an ordinarily prudent man under the circumstances *should have seen and realized*, that decedent had not heard the warning, and yet failed to apply the brakes until he was but 60 feet away.

If the law as there charged was correct, then there was no error in the refusals to make the two requested charges, exceptions to which are pressed as ground for reversal. We think the charge correctly stated the rule as applied to the facts here. From the time of the decision in *Chrystal* v. *Troy & Boston R. R. Co.* (105 N. Y. 164) some of the language used in that opinion has been frequently quoted or paraphrased in similar cases upon varying facts to state the applicable rule. Often it has been said in substance that when his train is visible, the engineer may in the first instance assume that a person seen by him on the track will leave the track in time to escape danger; and that he may continue his run until he discovers that the person is heedless of danger. Such general statements may or may not be good law, depending upon the particular circumstances. Engineers, like other people, vary in quickness and sharpness of apprehension. When the court says an engineer may continue his run until he discovers heedlessness of danger, it has in mind the usual standard. If, upon the evidence in any particular case, reasonable men might reasonably differ as to whether the engineer discovered the danger and acted as soon as the standard engineer would have, then the question is for the jury. Such, we think, was the case here. There was no error, in our judgment, in the charge as made or in the rulings on the requests. The judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment and order affirmed with costs.