16-3503
Niles v. Pan Am Railways

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         JOSÉ A. CABRANES,
         RAYMOND J. LOHIER, JR.,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -X
CHARLES NILES,
         Plaintiff-Appellant,

         -v.-                                    16-3503

PAN AM RAILWAYS, INC.,
         Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              MURRAY N. CAPLAN, Caplan &
                            Caplan, P.C., Albany, NY.

FOR APPELLEE:               KATHLEEN MCCAFFREY BAYNES,
                            Carter, Conboy, Case,

1

Blackmore, Maloney & Laird, P.C., Albany, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Charles Niles appeals from the district court's grant of summary judgment dismissing his negligence claim against Pan Am Railways, Inc. Niles alleged that Pan Am failed to exercise reasonable care when one of its trains struck him as he was lying on the tracks, resulting in the amputation of his legs. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The basic facts of this case are undisputed. On March 15, 2009, Niles was struck by a Pan Am train as it was traveling that evening through Hoosick Falls, New York. Niles was heavily intoxicated and had attempted to walk over the tracks in an area that was not a designated crossing point. He fell onto the tracks and lay there, passed out and motionless between the rails, for some while before the train approached. He was wearing a grey sweater, dark pants, black shoes, and a baseball cap. He came to when he heard the sound of the train's horn and he watched the train approach for approximately a minute. However, he was unable to move.

The train operators (a conductor and an engineer) first noticed something on the tracks when they were approximately two-tenths of a mile from Niles. They initially believed it to be trash or debris. Traveling at ten miles per hour (the speed limit for the area), the operators monitored the object as the train drew closer. When they were 88 feet away, the operators realized that the object was a person and applied the emergency brake. The train came to a complete stop in 118 feet, after it had already passed over Niles and severed his legs.

Niles brought suit in New York state court, alleging negligence. After removal to federal court, the United States District Court for the Northern District of New York granted

2

summary judgment in favor of Pan Am, concluding that its train operators exercised reasonable care under the circumstances. This appeal followed.

We review de novo a district court's grant of summary judgment and will affirm only if the record, viewed in the light most favorable to the non-movant, shows no genuine dispute of material fact and the movant's entitlement to judgment as a matter of law. See Jackson v. Fed. Express, 766 F.3d 189, 193-94 (2d Cir. 2014).

Under New York law, which governs here, a plaintiff alleging negligence must prove: "(i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." Pasternack v. Lab. Corp. of Am. Holdings, 807 F.3d 14, 19 (2d Cir. 2015) (internal quotation marks omitted). "[A] railroad, like any other landowner, owes a duty to exercise reasonable care under the circumstances to persons on its land." Raspente v. Nat'l R.R. Passenger Corp., 111 F.3d 239, 242 (2d Cir. 1997). If the circumstance is a person on the tracks, that duty is more precisely defined: "Once it becomes apparent to the engineer that [a] person on the tracks cannot or will not remove himself from harm's way, the engineer has a duty to make an emergency stop." Id.; see also Chrystal v. Troy & B. R. Co., 105 N.Y. 164, 170 (1887) ("[W]ithout the imputation of negligence [the train engineer] could run on until he discovered that [the person on the tracks] was heedless of the danger. Reasonable care in the management of trains which must make their time between stations, and have the right of way, does not require more.").

Pan Am has demonstrated its compliance with this duty. The unrebutted evidence shows that: the train operators spotted in the distance a dark, motionless object that appeared to them to be a bag of trash;[1] there was no response to multiple horn

---

[1] Niles argues that an individual lying horizontally across a track bed would not resemble a bag of trash. However, when viewed from a distance, a motionless body covered in dark

blasts, which would logically confirm that the object was inert; the operators continuously monitored the object as they slowly approached; and once they recognized that it was a person, they immediately pulled the emergency brake. The train engineer had approximately 30 years of experience, had traveled the route through Hoosick Falls at least 300 times, and was unaware of prior accidents in the area. And the conductor testified that debris often appeared on the tracks. The record does not indicate that the operators: suffered from impaired vision; were distracted, sleep-deprived, or under the influence of drugs or alcohol; ignored clear signs that the object was a person; hesitated to brake once they identified the object as a person; operated the train at an excessive speed; or otherwise acted carelessly. The record does not reflect a history of performance problems by the operators or a defect in the brakes. Under these circumstances, a jury could not reasonably conclude that Pan Am was negligent.[2]

For the foregoing reasons, and finding no merit in Niles's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

clothing in a space where people are not normally found could certainly be mistaken for a bag of trash.

[2] Niles argues that the train operators are interested witnesses and so their credibility must be assessed by a jury. However, a witness's self-interest by itself does not require a jury trial, and Niles offers no evidence undermining the operators' credibility.