PATRICK McKENNA, ADMINISTRATOR, &C., OF MICHAEL
McKENNA, Respondent, *against* THE NEW YORK CEN-
TRAL AND HUDSON RIVER RAILROAD COMPANY, Ap-
pellant.

(Decided July 15th, 1879.)

As against a mere trespasser upon its track, a railroad company is not bound to use
the most modern apparatus and most effectual contrivances for managing and
operating its trains, and therefore in an action against such a railroad company
for causing the death of one who was, at the time he received the injuries which
caused his death, a trespasser upon the company's track, evidence tending to
show that the accident might have been prevented had the company used certain
improved air-brakes in general use on railways is not admissible.

Where the deceased, who was a trespasser upon the defendant's railroad track, had
fallen on the track, and was lying in such a position that a passing train would
not strike him,—*Held*, that it was not negligence in the engineer of an approaching
train not to stop the train on seeing the deceased lying on the track, and that the
railroad company were not liable for the effect of the train striking the deceased
in consequence of his moving when the train had almost passed him.

APPEAL from a judgment entered upon a verdict for
plaintiff rendered at a trial, and from an order denying a
motion for a new trial upon the minutes.

On the morning of the 27th of September, 1877, Michael
McKenna, a lad about fifteen years old, a son of the plaintiff,
left his parent's house for the purpose of going to Yonkers.
When next seen, the boy was upon the steps of one of the
cars of the defendant's road going north. At about 72d Street
he either jumped or fell from the train, and lay in the space
between the up and down tracks. At the time of his fall a
train was coming down the defendant's road and was dis-
tant not more than 300 feet, and probably much less. The
engineer upon the down train, thinking that the boy lay
clear of his train, made no efforts to stop; but after the en-
gine and three cars had passed the boy in safety, he moved
so that the last wheel of the last car ran over him, and from
the effects of the injuries thus received he died. This action

McKenna v. The New York Central and Hudson River R. R. Co.

was commenced to recover damages for such injuries, which resulted in a verdict for the plaintiff, and from the judgment entered thereon this appeal is taken.

On the trial the plaintiff was allowed (against the objection of the defendant) to introduce evidence tending to show that a certain apparatus for stopping railroad trains, known as the Westinghouse air-brake, was the best known brake, and was at the time of the accident in general use on railroads. It appeared that no such brake was in use on the train by which the deceased was injured.

*Frank Loomis*, for appellant.

*Adolp. L. Sanger*, for respondent.

VAN BRUNT, J. [after stating the facts as above].—There can be no question but that the admission of evidence in reference to air-brakes was entirely incompetent, because the defendants owed no duty whatever to the deceased to guard him from accident, and can be only held liable for an intentional, wanton, or reckless injury. The deceased had no right to be on the steps of the car from which he fell, or to jump therefrom while the train was in motion; and the defendants cannot be required to equip their trains for the purpose of avoiding accidents to persons who jump on the track from trains passing in an opposite direction.

The deceased, when upon the defendant's track, was a trespasser, and unless the engineer of the down train intentionally, wantonly, or recklessly ran over him, the defendants cannot be held liable. (*Sutton* v. *N. Y. C. & H. R. R. R. Co.*; 66 N. Y. 243; *Johnson* v. *Boston & Maine R. R. Co.*, 125 Mass. 75.) It was claimed upon the argument by the counsel for the plaintiff, that when the deceased first fell upon the track the down train was from one to six hundred feet distant, but I have searched the case in vain for any evidence which by the most liberal construction designates the distance at greater than three hundred feet, and the evidence shows that the train could not have been stopped with-

in that distance by the brakes with which it was equipped. It further appears that when the engineer and fireman of the down train first saw the boy after he had fallen he was lying in a position where the train would not strike him, but that after the train had almost passed him, the boy moved and was struck.

They were certainly not required to stop the train in case they could pass the boy without injury, and they certainly were not guilty of wanton negligence in going on.

Upon the proof as it stands no cause of action was made out against the defendants. The principles which must necessarily be the starting point in the discussion of the law applicable to the facts in this case are, that the deceased was a trespasser upon the defendant's road, and that the defendant owed no duty to the deceased to guard him from accident, and can only be held liable if the injury was intentional, wanton, or reckless.

The evidence in this case entirely fails to bring it within the principle last above mentioned. The judgment must be reversed with costs to the appellant to abide the event.

BEACH, J., concurred.

LARREMORE, J., dissented.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.