referee's report, the plaintiffs, in addition to costs, were to have an allowance, "the amount thereof to be fixed by the court." This language of the interlocutory judgment does not justify the construction put upon it that the court awarded an allowance absolutely and without conditions, but, rather, it is susceptible of the construction that it was for the labor, among other things, which plaintiffs might have before the referee in proving damages that the provision was inserted in regard to an extra allowance. The one best able to construe the interlocutory judgment was the justice who ordered it. When the plaintiffs elected not to proceed with the reference, it was competent for the court, as the conditions upon which the provision was made would not arise, to refuse, in its discretion, to grant any allowance. In other words, the trial justice had fixed the time when, and the conditions upon which, he would determine what allowance would be included in the final judgment. The right to determine its amount he properly reserved to himself, since it is doubtful if any other judge or court in an equity case may exercise the power. When the question was finally presented to him for determination, therefore, he had the right and power to grant or refuse the extra allowance. He retained the right to determine what amount he would ultimately grant, and, upon the election of the plaintiffs not to proceed with the reference, could refuse to give any allowance.

We do not think we would be justified in interfering with the discretion thus exercised, and for that reason the order appealed from should be affirmed, with $10 costs and disbursements. All concur.

---

## LAGERMAN v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

RAILROADS—CONTRIBUTORY NEGLIGENCE.

     Plaintiff, who, fishing from the retaining wall of a river, four feet from defendant company's tracks, left his line, and unnecessarily walked to a point on the track in the rear of a freight car, and while there was struck by the car, which was moved by the force of other cars coming in contact with it, was guilty of contributory negligence.

Appeal from trial term, New York county.

Action by Charles A. Lagerman against New York Central & Hudson River Railroad Company. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Herbert H. Gibbs, for appellant.
Charles C. Paulding, for respondent.

HATCH, J. The facts out of which liability is claimed to arise in this case are, in brief, these: The plaintiff had gone to the Hudson river opposite 112th street, in the city of New York, for the purpose of fishing. At this point is located a track of the defendant's railroad within four feet of the retaining wall next to the river. Upon

this track stood a long line of freight cars. This track at this point is connected with the main track of the defendant's railroad by a switch track, upon which, at the time of the happening of the accident which is the subject of the action, stood a flat car. The retaining wall at the place where the plaintiff was fishing was somewhat crumbled and fallen away, making it difficult to walk upon it, but it does not appear but that it offered sufficient convenience and security as a place from which to fish. It is admitted that if the plaintiff remained at this point he was in a place of safety so far as any injury could be inflicted upon him by any movement of the defendant's cars. He did not, however, remain in this place; but throwing his line into the river, and resting his pole upon a basket which he had, he proceeded a distance of from four to ten feet, to a point immediately in the rear of the flat car which stood upon the switch track. Just what the purpose was that prompted the plaintiff to go to this particular place does not clearly appear. He states that he left his fishing place to make an observation to see if the cars were to be moved. Such observation, however, does not appear to have been necessary for his safety had he remained at the place where he deposited his pole. While standing upon the switch track the flat car was suddenly moved by the force of the cars which had been run against it, and, coming in contact with the person of the plaintiff, it inflicted the injuries for which a recovery in damages is sought.

We are unable to see any basis in these facts to support a recovery. The most that can be said is that the plaintiff was at this particular place by the sufferance of the defendant. It does not appear that he had any license to be on the defendant's premises at this point, and his act in going there did not raise any presumption of right by license. If he was not, therefore, a trespasser, he could claim no higher right than that of being there by sufferance. He was not invited, but only permitted, to be at that point. And this condition did not impose upon the defendant the obligation of observing care in any degree for the protection of the plaintiff. The only obligation resting upon the defendant was not to inflict wanton and willful injury, and this was the highest measure of duty which the plaintiff could exact. Victory v. Baker, 67 N. Y. 366; Downes v. Bridge Co., 41 App. Div. 339, 58 N. Y. Supp. 628. There is no evidence showing that the defendant was guilty of a wanton or willful act which occasioned injury to the plaintiff. It was exercising a legal right to move its cars, and, so far as is disclosed by the evidence, had no reason to expect the plaintiff at the place where he received the injury, and, not owing him any duty of care in any degree, it was not guilty of any act of negligence in what it did. Assuming that the defendant owed the plaintiff the duty of some care, as is the contention of the plaintiff, he is not aided, as it clearly appears that the negligence of the latter contributed to the injury. When he left the place at which he was fishing, if he went for the purpose of making an observation, he could have crossed all of the tracks, and made such observation from a perfectly safe place. This, however, he did not choose to do; for he took a position between the rails of the switch

track, immediately in rear of the flat car, which, if moved, would come in contact with his person. The only excuse that he makes for being in this position is that he wanted to see if the cars were about to be moved. This surely indicates that he was apprehensive upon this subject, and, being so apprehensive, the exercise of care required that he make his observation from a place of safety, which he might have done, and not from the dangerous place between the rails of the track. Such position was clearly one of danger, and he was apprehensive of it. It was therefore an act of negligence upon his part contributing immediately to the injury which he received. In view of these facts, the plaintiff is not entitled to recover.

The judgment should therefore be affirmed, with costs. All concur.