(112 App. Div. 431)

ROSENTHAL v. NEW YORK, S. & W. R. CO.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

1. RAILROADS—TRESPASSERS ON TRACK—DUTY OF RAILROAD.
   A railroad owes no duty to a trespasser on its track other than not to intentionally, wantonly, or recklessly injure him.
   [Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, § 1238.]

2. SAME—LICENSEE—DUTY TO LICENSEE.
   The license of a licensee on a railroad track is subject to the railroad's right to operate its road, and the railroad owes him no duty other than not to intentionally, wantonly, or recklessly injure him.
   [Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, § 1236.]

3. SAME—NEGLIGENCE—EVIDENCE.
   Where defendant railroad's engineer, on discovering plaintiff's intestate in a place of peril on a railroad bridge, and for the purpose of getting him into a position of safety, stopped the train, and invited intestate to board the engine, the failure of the engineer to appreciate that cars which had been cut off the rear of the train in order to make a flying switch might overtake the train when it was brought to a standstill, and thus cause it to move forward and injure intestate before the latter boarded the engine, was not negligence.

Appeal from Trial Term, New York County.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Frederic B. Jennings, for appellant.
T. B. Chancellor, for respondent.

McLAUGHLIN, J. It appeared from the plaintiff's proof that on the 16th of August, 1901, plaintiff's intestate was walking on the ties across a single track bridge of the defendant which spans the Delaware

river at a place called "Delaware Water Gap." The rails and the ties upon which they rested were elevated about three feet above the cross-beams or girders, which extended between two and three feet from the track to abutments, on which they rested. After entering upon the bridge, the intestate saw a freight train approaching, and thereupon he and his companion (a sister) got down from the track, and stood upon one of the girders at its outer end, supporting themselves by clinging to an iron rod, which was part of the bridge. The engineer of the train saw them while in this position, and he thereupon brought the train to a stop some 15 or 20 feet from where they stood, and beckoned to them to come back upon the track, and get onto the engine. This they proceeded to do, and when within a few feet of the engine the train suddenly started, plaintiff's intestate was thrown from the bridge and killed, and his sister seriously injured. This action was brought to recover damages for the death of the intestate, upon the ground that the same was caused by defendant's negligence. The plaintiff had a verdict, and from the judgment entered thereon, and an order denying a motion for a new trial, defendant has appealed.

At the trial no proof was offered, nor was any claim then or upon the argument of this appeal made, that the engine was started by the engineer. On the contrary, it affirmatively appeared by testimony of defendant's witnesses (and they were not contradicted) that the sudden starting of the train was due to cars which had been cut off by what was termed "a flying switch" coming in contact with the rear end of the train. It also appeared without contradiction that it was customary for the defendant to cut off cars in this way, and then proceed with the balance of the train across the bridge; the cars which had been cut off following of their own momentum.

The respondent contends that the intestate was in a place of safety when he was invited to board the engine, and that it was, a negligent act on the part of defendant's engineer to bring his train to a stop, and extend the invitation which he did, knowing, as he must, that the moving cars which had been cut off were liable to collide with the train, and thus move it forward. The trial court charged the jury that the plaintiff's intestate was a trespasser upon the bridge, and that negligence could not be predicated upon the failure of the engineer to remember and appreciate that the cars which had been cut off were coming upon the bridge, and might collide with the rear of his train; but he submitted to the jury, against defendant's exception, whether or not, under all the circumstances, defendant's servants in charge of the train and engine excercised reasonable and ordinary care to avoid the accident.

I am of the opinion that the exception was well taken. The law as thus announced did not correctly state the rule governing the rights of the parties. It is apparent that defendant's engineer, or whoever was in charge of the engine, and beckoned plaintiff's intestate and companion to board the engine, did what seemed for the moment not only a safe, but proper, thing to do, in order to relieve them from either an actual or supposed danger. It may well be doubted, under the facts proved, whether the intestate and his companion were, as con-

tended by the respondent, in a place of safety, or that they would not have been injured had the train proceeded without stopping. But, assuming the contention to be correct, and the engine and cars did not project sufficiently over the rail to brush them off the girder where they were standing, nevertheless the jar of the train or fright might have caused them to fall. In any event, it cannot be said that the mere stopping of the train, and inviting them from a place of possible peril to one of supposed safety was either an unreasonable, negligent, or wanton act. The law as laid down by the trial court was that the plaintiff's intestate was a trespasser. This being so, the defendant and its employés owed no duty to him other than not to intentionally, wantonly, or recklessly injure him. Sutton v. N. Y. C. & H. R. R. Co., 66 N. Y. 243; McKenna v. N. Y. C. & H. R. R. Co., 8 Daly, 304; Thomas on Negligence (2d Ed.) p. 240.

But it is insisted by the respondent that the intestate was a licensee, and the trial court therefore erred in holding that he was a trespasser. It may well be doubted whether the evidence was sufficient to sustain a finding that the intestate was a licensee, but, even if this be assumed, and that the court on appeal is not bound by the law of the case as laid down by the trial court, it does not aid the respondent, because the intestate's license was subject to the defendant's right to operate its road, and the rules with respect to intentional, wanton, or reckless acts equally applies. Keller v. Erie R. Co., 183 N. Y. 67, 75 N. E. 965; Nicholson v. Erie Ry. Co., 41 N. Y. 525; Lagerman v. N. Y. C. & H. R. R. Co., 53 App. Div. 283, 65 N. Y. Supp. 764. It certainly cannot be said that the act of the engineer, even if he did momentarily forget or fail to appreciate that the cars which had been cut off might collide with the train, and cause it to move forward while the intestate and his companion were getting aboard the engine, was a negligent, reckless, or wanton act. On the contrary, what was done was manifestly by way of precaution to avoid injury. The trial court, therefore, correctly charged that negligence could not be predicated upon the failure of defendant's engineer to appreciate that the moving cars in the rear might come on and hit that portion of the train which was brought to a standstill, and thus cause it to move forward.

The respondent's attorney challenges the correctness of the rule as to the necessity of proof of reckless, wanton, and intentional acts as against a trespasser, and insists that the rule is that, when one sees another in a place of danger, although a trespasser, he should use reasonable care to avoid injuring him. But there is no conflict between the two rules. The difficulty arises in failing to distinguish between passive and active negligence. One having a superior right of way upon a railroad track, for example, need not be actively vigilant in discovering a trespasser; but when he has discovered him, then he must be active in not injuring him. Lack of activity, under such circumstances, becomes reckless conduct. This rule is well illustrated and the distinction is pointed out in the case of Weiler v. Manhattan Ry. Co., 53 Hun, 373, 6 N. Y. Supp. 320, affirmed 127 N. Y. 669, 28 N. E. 255. Here, when the engineer discovered plaintiff's intestate and his companion upon the bridge, he immediately brought his train to a stop, instead of

running by and taking the chances of injuring them.   He could hardly, in reason, have been expected to do anything else.   The position they were in was apparently a very dangerous one.   Had he proceeded with his train, and they had been thrown or fallen from the bridge, the accident, if possible, would have been even more deplorable than it was, and the engineer would have been justly censurable for not stopping the train before passing, and affording them an opportunity to get from a place of at least apparent danger to one of safety.   The invitation of the engineer to board the engine was for the purpose of getting them into a position of safety, and, while it resulted in an unfortunate accident, it did not make him nor the defendant responsible for the consequence.

The judgment appealed from is attacked upon other grounds, but the conclusion at which I have arrived renders it unnecessary to pass upon them.

If the foregoing views be correct, then it follows that the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide event.   All concur.