running by and taking the chances of injuring them. He could hardly, in reason, have been expected to do anything else. The position they were in was apparently a very dangerous one. Had he proceeded with his train, and they had been thrown or fallen from the bridge, the accident, if possible, would have been even more deplorable than it was, and the engineer would have been justly censurable for not stopping the train before passing, and affording them an opportunity to get from a place of at least apparent danger to one of safety. The invitation of the engineer to board the engine was for the purpose of getting them into a position of safety, and, while it resulted in an unfortunate accident, it did not make him nor the defendant responsible for the consequence.

The judgment appealed from is attacked upon other grounds, but the conclusion at which I have arrived renders it unnecessary to pass upon them.

If the foregoing views be correct, then it follows that the judgment and order appealed from must be reversed, and a new trial granted, with costs to appellant to abide event. All concur.

---

(112 App. Div. 436)

### ROSENTHAL v. NEW YORK, S. & W. R. CO.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

APPEAL—ARGUING SEVERAL CASES AS ONE.

> Where, on appeal, two cases are argued together as one, it is proper for the court to consider the facts appearing in each to apply to both.
>
> [Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, § 3197.]

Appeal from Trial Term, New York County.

Action by Pauline Rosenthal against the New York, Susquehanna & Western Railroad Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

T. B. Chancellor, for appellant.
Frederic B. Jennings, for respondent.

McLAUGHLIN, J. The plaintiff in this action was the companion of plaintiff's intestate in Rosenthal, Adm'r, v. New York, Susquehanna & Western R. R. Co. (decided herewith) 98 N. Y. Supp. 476, and she was injured under the circumstances detailed in the opinion in that case. She was nonsuited at the close of her own testimony, and some of the facts developed by the defendant in that case do not appear in this. The two cases, however, were argued together as one, and it would be quite proper for the court to consider the facts appearing in each to apply to both. It is not, however, necessary to do this, because the plaintiff testified she did not think the engineer started the engine on purpose, and in a colloquy with the defendant's counsel her attorney stated that he had her correct her testimony by having her testify to that effect. In addition, she testified that other cars ran into

the train, and pushed it ahead. It thus appears, in substance, that, while the plaintiff was on the track and about to board the engine, the train suddenly started, not by any act of the engineer, but because moving cars ran into the standing train, and pushed it ahead. The developed facts, therefore, as well as the claim and attitude of the plaintiff upon the trial, show substantially the same situation as appears in the companion case, and the rules there stated apply with equal force to this case, and show, if our conclusion in the other case be correct, that the nonsuit in the present one was properly granted.

The judgment appealed from, therefore, should be affirmed, with costs. All concur.