NEUBERGER v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. RAILROADS (§ 359*)—INJURY TO PERSON ON TRACK—TRESPASSERS.

Plaintiff, even if a licensee when entering on defendant's right of way within the lines of a projected, but unopened, street, not having crossed there, but having run up the track 100 feet and then got his foot caught between rails, was, when run over in such position, a trespasser, to whom defendant's duty was merely not to injure him intentionally, wantonly, or recklessly.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1238; Dec. Dig. § 359.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. RAILROADS (§ 400*)—INJURY TO TRESPASSER ON TRACK—RECKLESSNESS—EVI-
DENCE.

 The question of recklessness of defendant's engineer, who ran his train
into plaintiff, a trespasser, while his foot was caught between rails, was
for the jury; there being evidence that, when he was nearly twice the
distance from plaintiff necessary for stopping the train, he saw plaintiff
standing still and another boy running towards the train, and that they
both waved their arms, and there being no evidence that he took any pre-
caution or even looked again.

 [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1367; Dec. Dig.
§ 400.*]

3. APPEAL AND ERROR (§ 197*)—REVIEW—EVIDENCE OUTSIDE PLEADINGS—AB-
SENCE OF OBJECTION BELOW.

 Even if a complaint for negligence is insufficient to cover recklessness,
yet evidence of recklessness having been admitted, and there having been
no specific objection at the trial that the case was being tried outside
the pleadings, such evidence is to be considered on appeal in reviewing the
granting of the motion to dismiss on the ground of failure to show negli-
gence.

 [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 197;*
Pleading, Cent. Dig. § 1428.]

Appeal from Trial Term, Queens County.

Action by George Neuberger, an infant, by Bertha Neuberger, his
guardian ad litem, against the Long Island Railroad Company. From
a judgment entered on dismissal of the complaint, plaintiff appeals.
Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS,
RICH, and MILLER, JJ.

George F. Hickey (M. P. O'Connor, on the brief), for appellant.
William C. Beecher, for respondent.

JENKS, J. At the close of her case the plaintiff was dismissed in
her action to recover damages for injuries to her infant son, Neuberg-
er, aged 8 years, who was run over by the steam railroad train of the
defendant. The scene of the accident was in the vicinity of Winfield
station. Neuberger lived in the neighborhood, and is revealed as a
bright boy, who could read. The rails of the defendant were of two
sets of tracks—the main line and the North Shore line. They were laid
practically at right angles across Madison avenue, a street to the east
of the station, and Fisk avenue, a street to the west of the station.
Both were open streets, with crossings and gates. On a clear November
morning Neuberger and his companion were in pursuit of some fantas-
tics, who crossed the tracks at a point known as Columbia avenue. An
exhibit shows that the territory in that neighborhood on one side of the
tracks is sparsely settled, and the evidence is that the land on the other
side is rough, and grown up with weeds and grass. Columbia avenue
is a projected, not a physical, street, next to Fisk avenue. There were
footpaths in this rough land, of which one ran up to the tracks; but
there was no crossing there, not even a continuance of the path by
planks. Wires which have been strung on posts beside its roadway by
the defendant had been broken down by people some time before, so
that there was an open space at this path. There is testimony, not,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

however, undisputed, that the defendant had set up signs at this point with the legend: "Danger. No trespassing." There is testimony that Neuberger knew of these signs and that he fully understood the danger in crossing the tracks. He had never before crossed at this place. But there is evidence that people, including children, were accustomed to pass over. When Neuberger and his young companion, Pechette, who were on the rough land, came close to the tracks, they began to run at the height of their speed to catch up with the fantastics. Pechette crossed over; but Neuberger, in attempting to cross, caught his foot between one of the rails of the main line and a curved switch rail. He, and then he and Pechette, tugged to extricate the foot in vain. After Neuberger was in this position for about a minute or a minute and a half, they saw the oncoming express train of the defendant. Neuberger stood up until the train had come within 30 feet of him, when he laid down outside of the rails and suffered the train to pass over his leg, severing his foot from it.

I think that the motion for dismissal, which was made on the grounds that the plaintiff had failed to show negligence, that Neuberger was a trespasser, and that the plaintiff had failed to show absence of contributive negligence, should not have been granted. Neuberger must be regarded as a trespasser. Any question as to his status as a licensee is eliminated by the fact that, although he entered the right of way of the defendant at Columbia avenue, he did not cross over at that point, either within the lines of Columbia avenue as extended, or with but a slight deviation therefrom; for his own testimony is that he ran slantingly up towards the North Shore tracks, a little west, and then up slantingly over the main tracks, a little west, about 100 feet from where he first came to the tracks, before his foot was caught. Aside from this testimony there is no question that his foot was caught at a point at some considerable distance from Columbia avenue, so that, even if he were a licensee when he entered at Columbia avenue, he was not a licensee when he chose to travel along the rails for 100 feet or something less before he sought to complete his crossing. The obligation of the defendant was not to injure him intentionally, wantonly, or recklessly. Rosenthal v. N. Y. Susquehanna & W. R. R. Co., 112 App. Div. 431, 98 N. Y. Supp. 476, and cases cited; Kenyon v. N. Y. C. & H. R. R. R. Co., 5 Hun, 479, affirmed 76 N. Y. 607. This obligation of the defendant is admirably expressed by McLaughlin, J., writing for the court in Rosenthal's Case, supra:

"The respondent's attorney challenges the correctness of the rule as to the necessity of proof of reckless, wanton, and intentional acts as against a trespasser, and insists that the rule is that when one sees another in a place of danger, although a trespasser, he should use reasonable care to avoid injuring him. But there is no conflict between the two rules. The difficulty arises in failing to distinguish between passive and active negligence. One having a superior right of way upon a railroad track, for example, need not be actively vigilant in discovering a trespasser; but, when he has discovered him, then he must be active in not injuring him. Lack of activity, under such circumstances, becomes reckless conduct. This rule is well illustrated and the distinction is pointed out in the case of Weiler v. Manhattan R. Co., 53 Hun, 373, 6 N. Y. Supp. 320, affirmed 127 N. Y. 669, 28 N. E. 255."

I think that the plaintiff made out a case which justified the submission to the jury of the question whether the defendant's engineer was reckless under the circumstances. The plaintiff called the engineer, who testified that his engine was in proper condition; that he was bound west, running at the rate of 40 miles an hour, on the main line; that he could see ahead of him along the straight track for some distance, and could see both rails of the track; that he saw "the boys" when he was at the Fisk avenue crossing; that he noticed that one of them ran north, and that the other did not move off the tracks. There is evidence that the engineer had whistled at the Madison avenue crossing, at the station, and at Fisk avenue, as was usual at these points, and as he was about over Fisk avenue. But there is no evidence that when he then saw the lads, or before he ran down Neuberger, he took any precautions whatever. There is no evidence that he even looked again to see whether Neuberger had left the track. For aught, then, that appears, the engineer continued on his way with unabated speed, exactly as if the tracks were clear ahead of him.

This case does not present the simple feature of young lads as trespassers upon the track; for the evidence is that, when Pechette saw the train, he ran up the track waving his hands, and that Neuberger stood immovable upon the track waving his hands until the train was within 30 feet of him. The engineer testifies that, when at Fisk avenue he saw the lads, he could not see whether Neuberger was in difficulties. Assuming that the engineer might assume properly that such lads would leave the track (Chrystal v. Troy & Boston R. R. Co., 105 N. Y. 164, 11 N. E. 380), yet the question remains whether, under the surrounding circumstances, his lack of any activity after he thus saw the lads was reckless conduct. As I read the record, Fisk avenue was about 600 or 700 feet distant from the place where the lad was caught in these rails, and there is evidence that under the conditions the defendant could have stopped his train within the space of 400 feet. The case does not present the question of an error of judgment discussed in Chrystal's Case, supra, for the reason that the engineer did not pretend to have taken any precautions whatever after he saw Neuberger. Yet he saw that Neuberger was a "boy," not an adult, "to whom more watchful care was due" (Spooner v. D., L. & W. R. R. Co., 115 N. Y. 33, 21 N. E. 698); and the question was whether his position, his continuance thereon immovable, in contrast to that of Pechette, and his conduct and that of his companion as to signals, should have been seen and heeded (Id.).

The learned counsel for the respondent contends that the complaint for negligence cannot sustain the case, which must, under the circumstances, rest "upon wanton or willful negligence." The complaint was drawn evidently upon the theory that Neuberger was caught at a crossing where he was a licensee, at least. But the obligation was not to injure the boy by reckless conduct, as well as by willful or by wanton conduct. I think that reckless conduct may well fall under the category of negligence, in that such conduct implies an omission of the care which is due to the person injured; for such conduct is heedless, careless, rash, indifferent to the consequences, and hence negligent. But in

any event I think that the point is not fatal to our consideration of the merits upon this appeal, because there was no specific objection at the trial that the case was tried outside of the pleadings.  Farmers' Loan & Trust Co. v. Housatonic R. R. Co., 152 N. Y. 251, 46 N. E. 504.

Judgment reversed, and a new trial granted; costs to abide the event. All concur.