PETUR v. ERIE R. CO.

(Supreme Court, Appellate Division, Second Department.   June 21, 1912.)

1. RAILROADS (§ 356*)—INJURIES TO PERSONS ON TRACK—INVITATION.
    That the employés of a railroad company habitually crossed its tracks.
    and in a few instances third persons did so, is not such a user of the
    tracks as to show a license or use to the general public, and members of
    the public crossing the tracks are trespassers.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1228–1234;
    Dec. Dig. § 356.*]

2. RAILROADS (§ 361*)—OPERATION—INJURY TO PERSONS NEAR TRACK—DUTY
    TO FENCE.
    The failure of a railroad company to fence its right of way along a
    street does not constitute actionable negligence authorizing a recovery
    by a child trespassing on the tracks.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1246; Dec.
    Dig. § 361.*]

3. RAILROADS (§ 359*)—INJURIES TO PERSONS ON TRACKS—TRESPASSERS.
    A railroad company having the superior right of way in the use of its
    tracks is not bound to use vigilance to discover trespassers, and is liable
    only in case of injury after their discovery.
    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1238, 1239;
    Dec. Dig. § 359.*]

Appeal from Trial Term, Orange County.

Action by James Petur, by his guardian ad litem, Samuel Petur,
against the Erie Railroad Company. From a judgment dismissing
the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-
WARD, and RICH, JJ.

Leonard F. Fish, of New York City (James G. Graham, of New
York City, on the brief), for appellant.

Elbert N. Oakes, for respondent.

RICH, J.   The accident occurred upon defendant's right of way
in the city of Port Jervis, at a point where it has 15 tracks running
substantially parallel, two of which are east and west bound main
tracks, and the others freight, switch, and repair tracks. To the south
of all the tracks, and running parallel with them, is Railroad avenue, a
public street, with a sidewalk on its south side, farthest from de-
fendant's roadbed. Pike street crosses the tracks. To the west
of Pike street, Brown and Thompson streets intersect Railroad ave-
nue, but do not cross. There are no streets on the northerly side
of defendant's tracks opposite Brown or Thompson streets, and no
street adjoining and running parallel with the tracks; the land being
owned by the defendant and occupied by its shops. There is no pub-
lic crossing of the tracks between Thompson and Pike streets, and
cars are being constantly switched on the side tracks. The plaintiff,
a boy 10 years old at the time of the accident, started from Rail-
road avenue to cross the tracks diagonally. He had crossed three or
four tracks when he saw some coal cars in motion and approaching.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

He could not see whether there was an engine attached to the cars or not. In endeavoring to get off the track his foot caught, and the cars ran over his leg, inflicting the injuries for which he sought to recover in this action. There was no brakeman in sight on the coal cars, and no one knew of plaintiff's presence on the track, or injury, until after the accident. It is apparent from the testimony that the public were not licensed to cross defendant's tracks at any point between Thompson and Pike streets.

[1] Although it was shown that employés of defendant crossed the tracks at times to and from the defendant's shops in which they were employed, climbing under, over, and going around, cars standing on the tracks, such user did not create an invitation or license to the general public. Proof was given of a few isolated cases where persons other than employés had crossed the tracks opposite Thompson and Brown streets, but no general custom charging the defendant with notice of such use was shown.

[2, 3] The contention of the appellant that the failure to fence between Railroad avenue and defendant's tracks constitutes and establishes defendant's actionable negligence is without merit. Robertson v. Mayor, etc., 7 Misc. Rep. 645, 28 N. Y. Supp. 13; Id., 149 N. Y. 609, 44 N. E. 1128. I think the testimony establishes that the plaintiff was a trespasser. No wanton or reckless conduct on the part of defendant's employés was shown. The defendant having the superior right of way and use of its tracks, its employés operating trains or engaged in switching cars were not required to be àctively vigilant in discovering trespassers upon the tracks. The difference between active and passive negligence, under such conditions and circumstances, is clearly stated in Rosenthal v. N. Y., Susquehanna & Western R. R. Co., 112 App. Div. 431, 98 N. Y. Supp. 476. See, also, Neuberger v. Long Island R. R. Co., 131 App. Div. 885, 116 N. Y. Supp. 311.

The learned trial justice properly dismissed the complaint, and the judgment and order must be affirmed, with costs. All concur.